IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CHARLES JEROME JORDAN,

        Plaintiff,

v.                                         Civil Action No. 5:16CV31
                                                             (STAMP)
FEDERAL BUREAU OF PRISONS,
ANTHONY MORI, Unit Manager,
KATHY LANE, Warden
and MELISSA WILSON,
Correctional Counselor,

        Defendants.


                **MEMORANDUM OPINION AND ORDER
                AFFIRMING AND ADOPTING REPORT AND
                RECOMMENDATION OF MAGISTRATE JUDGE,
            GRANTING DEFENDANTS' MOTION TO DISMISS OR
            ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT
            AND DISMISSING PLAINTIFF'S CASE WITH PREJUDICE**

                       I.  Background

    The pro se[1] plaintiff, Charles Jerome Jordan, who is housed at FCI Hazelton, filed this civil action asserting claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).  In his complaint, plaintiff alleges claims against the defendants for abuse of authority, harassment, interfering with the filing of his administrative grievances by "making them disappear" and conspiring to harass him in retaliation for filing grievances, by constantly moving his cell and removing his relatives from his visiting list. ECF No. 1.  The plaintiff contends that he exhausted his

---

    [1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

administrative remedies, and as relief, plaintiff requests that the court fine these Federal Bureau of Prisons ("BOP") officials and award him $450,000.00 in monetary damages. ECF 1 at 9.

Defendants filed an answer (ECF No. 64) and plaintiff responded to defendants' answer (ECF No. 65). Defendants then filed a motion to dismiss or alternatively, motion for summary judgment, along with a memorandum in support, attaching numerous affidavits. ECF Nos. 67 and 68. Plaintiff filed a response in opposition to the defendants' motion (ECF No. 73).

This civil action was referred to the United States Magistrate Judge for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. By order entered on September 15, 2017, this case was reassigned from Magistrate Judge James E. Seibert to Magistrate Judge Michael John Aloi.

United States Magistrate Judge Michael John Aloi entered a report and recommendation. ECF No. 75. The magistrate judge found that the Federal Bureau of Prisons ("BOP") is not a proper defendant, and the complaint must be dismissed as to the BOP. ECF No. 75 at 9. The magistrate judge also found that "[d]espite Plaintiff's arguments that he exhausted all of the administrative remedies that were available to him, it is apparent from a thorough review of the record that Plaintiff nonetheless implicitly admits that he did not fully exhaust his grievances before filing suit, because he admits that at least some of his grievances regarding

staff interference with his filing his BP-8s were rejected, not denied." Id. at 19-20. The magistrate states that plaintiff's bare allegation that defendant refused to provide him with grievance forms, or that his completed grievance forms "disappeared," lacks credibility, as plaintiff makes no claim that defendant or any other prison official ever threatened him with violence to discourage him from filing grievances. Id. at 23. The magistrate judge found that plaintiff has had the opportunity to address the issue, and that his failure to exhaust cannot be excused, and this matter must be dismissed for failure to exhaust administrative remedies. Id. The magistrate states that although normally, such a dismissal would be without prejudice, because so much time has elapsed, plaintiff cannot now exhaust under the BOP's administrative remedy procedure, and therefore, his claims should be dismissed with prejudice. Id. The magistrate judge recommended that the defendants' motion to dismiss or alternatively, motion for summary judgment (ECF No. 67) be granted and that plaintiff's complaint (ECF No. 1) be denied and dismissed with prejudice. ECF No. 75 at 24.

The magistrate judge informed the plaintiff that **"[w]ithin fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A

3

copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)." ECF No. 75 at 24 (emphasis in original).

The plaintiff did not file objections to the magistrate judge's report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge first correctly found that the Federal Bureau of Prisons ("BOP") is not

4

a proper defendant, and the complaint must be dismissed as to the BOP. The magistrate judge also properly concluded that plaintiff did not fully exhaust his grievances before filing suit, and his failure to exhaust cannot be excused. Furthermore, the magistrate judge correctly determined that plaintiff cannot now exhaust under the BOP's administrative remedy procedure, and therefore, his claims should be dismissed with prejudice. Lastly, the magistrate properly found that defendants' motion (ECF No. 67) should be granted.

This Court finds no clear error in any of the above determinations of the magistrate judge and thus upholds his rulings.

## IV. Conclusion

Because the plaintiff did not object to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 75) is hereby AFFIRMED and ADOPTED in its entirety.

Accordingly, defendants' motion to dismiss or alternatively, motion for summary judgment (ECF No. 67) is GRANTED, and plaintiff's claims against the defendants are DISMISSED WITH PREJUDICE.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 31, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE